UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 10-274 (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Todd Richard Franik, | |
| Defendant. | |

Todd Richard Franik, Defendant, *Pro Se*.

David P. Steinkamp, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Todd Richard Franik's ("Franik") *pro se* Motion for Compassionate Release in light of the COVID-19 pandemic. (Doc. No. 55 ("Motion").) Franik's Motion also included a request for appointment of counsel.[1] (Doc. No. 55.) The United States of America (the "Government") opposes Franik's Motion. (Doc. No. 61.) For the reasons discussed below, the Court respectfully denies Franik's Motion.[2]

---

[1] The Court respectfully denies Franik's request for appointment of counsel. "[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants." *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994).

[2] Franik's response to the Government's opposition was due November 30, 2021. (Doc. No. 60.) Franik did not file a response.

## BACKGROUND

On November 5, 2010, Franik pled guilty to one count of Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a). (Doc. No. 22.) On July 25, 2011, this Court sentenced him to 360 months' imprisonment, to be followed by a lifetime of supervised release. (Doc. Nos. 43, 44.)

Franik is currently incarcerated at Pekin FCI in Pekin, IL with an anticipated release date of August 12, 2036. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited December 15, 2021). Pekin FCI is at a Level 3 institutional operational level, meaning the facility has made intense modifications to mitigate the spread of COVID-19. Federal Bureau of Prisons, BOP COVID-19 Operational Levels, *https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp* (last visited December 15, 2021). Pekin FCI reports 1 active COVID-19 case among its inmates and 4 cases among its staff, and 656 inmates and 87 staff who have recovered from the virus. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited December 15, 2021). To date, the Bureau of Prisons ("BOP") has performed 1186 tests for COVID-19 at Pekin FCI with 597 of them positive for the virus. *Id.* Moreover, the BOP has fully inoculated 150 staff and 910 inmates at the facility against COVID-19.[3] *Id.*

---

[3] The inmate population at Oxford FCI is 1184. Federal Bureau of Prisons, Oxford FCI, *https://www.bop.gov/locations/institutions/pek/* (last visited December 15, 2021).

Franik, who is 52 years old, now moves for compassionate release on the grounds that he suffers from a variety of physical and mental health conditions, he has been incarcerated for the majority of his life, and he needs to care for his elderly father and aunt who suffer from physical health ailments. (Motion at 5.) Franik asserts that his health conditions include Hepatitis C, periodic heart problems including a murmur and chest pains, crushed bones in his hands, a deformed shoulder, a seizure disorder, and obesity and breathing problems resulting from a previous COVID-19 infection.[4] (*Id.*; *see also* Doc. No. 62 ("Medical Records").) He also states that he has been diagnosed as psychopathic anti-social type 12 and borderline bipolar disorder. (Motion at 5; Medical Records at 37-38.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration,

---

[4] Franik also asserts that he has been stabbed eleven times and hospitalized multiple times including at least once with a brain bleed. (Motion at 5.)

Franik's Medical Records reflect that he suffers from Hepatitis C, esophageal reflux, obesity, and glaucoma for which he is currently using medication to manage and treat. (Medical Records at 2-3.)

Franik's Medical Records reflect that Franik received his first dose of the Pfizer - BioNTech COVID-19 vaccine on March 3, 2021, and his second dose on March 23, 2021. (*Id.* at 60.)

(3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[5]

Family circumstances considered "extraordinary and compelling" include: (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *Id.*, cmt. n.1((C).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." Statement. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden

---

[5]   While the Statement refers only to motions filed by the Director of the BOP, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

The Court acknowledges that there is ongoing litigation surrounding this issue and that other courts have found that the Statement does not apply to motions initiated by a defendant. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker,* 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). The Court also notes that the Eighth Circuit has not yet considered the issue. Here, even if the Court were to exercise greater discretion, the Court would still find that Franik fails to present an extraordinary and compelling reason to warrant release.

4

to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[6] *Id.*

Franik asserts that he requested compassionate release from the warden at his facility and that his request was denied more than 30 days ago. (Motion at 3.) Franik does not attach documentation to support his assertion; however, the Government also states that Franik has exhausted his administrative remedies. (Doc. No. 61 at 1.) The Court therefore concludes that Franik's Motion is ripe for review; however, the Court denies it on the merits.

Specifically, after a careful review of Franik's Motion and other documentation, including his Medical Records, the Court finds that Franik's circumstances are insufficiently extraordinary and compelling to meet the demanding standard for compassionate release. Specifically, the Court finds that neither Franik's family

---

[6]   Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

circumstances nor medical conditions constitutes an extraordinary and compelling reason to warrant compassionate release.[7]

Although the Court commends Franik for his concern over the well-being of his father and aunt, care of an aging parent or relative is not a basis for release under the Statement. *See* Statement, cmt. n.1((C); *see also United States v. Ingram*, Cr. No. 2:14-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); *United States v. Henry*, Cr. No. 13-91, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020) ("Care of parents is not a qualifying basis for release."); *United States v. Goldberg*, Cr. No. 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (desire to help care for elderly parents is admirable but does not qualify as an extraordinary and compelling reason under the Statement).

The Court also cannot conclude that Franik suffers from any medical condition that necessitates release. While the Court recognizes that obesity and mood disorders are medical conditions that increase a person's risk of severe illness from COVID-19, the Court finds no indication that either condition, alone or in combination with the presence of COVID-19 at Pekin FCI, has diminished or will diminish Franik's ability to provide

---

[7] The fact that Franik has spent the majority of his life in prison is not a basis for release under the Statement and the Court finds no reason to exercise additional discretion. *See* Statement. The Court encourages Franik to pursue treatment so that when release is appropriate, he may live a productive life free of additional incarceration.

6

self-care while in prison.[8] *See* Centers for Disease Control and Prevention, <u>Coronavirus Disease: People with Certain Medical Conditions</u>, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited December 15, 2021).

The Court also finds that any risk that Franik will be infected with COVID-19 is largely mitigated by the fact that the BOP is actively vaccinating inmates and staff, including over 75% of the inmates at Pekin FCI. "Extensive testing and monitoring have shown that these vaccines are safe and effective." Centers for Disease Control and Prevention <u>Benefits of Getting a COVID-19 Vaccine,</u> *https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html* (last visited December 15, 2021).

According to the CDC, the Pfizer-BioNTech COVID vaccine that Franik received is highly effective, preventing 95% of infections in clinical trials. *See* Centers for Disease Control and Prevention, <u>Information about the Pfizer-BioNTech COVID-19 Vaccine</u>, *https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html* (last visited December 15, 2021). To the extent Franik remains concerned about contracting COVID-19 after receiving the vaccine, the Court finds this

---

[8]    The Centers for Disease and Control does not recognize Franik's other medical conditions as risk factors for severe illness from COVID-19. *See* Centers for Disease Control and Prevention, <u>Coronavirus Disease: People with Certain Medical Conditions</u>, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited December 15, 2021). While it is truly unfortunate that Franik previously contracted COVID-19, prior infection does not increase his risk for severe illness. (*Id.*)

fear speculative and declines to grant release based on a generalized fear of reinfection. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (a generalized fear of contracting COVID-19 is an insufficiently extraordinary and compelling reason to warrant release); *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) (same); *see also United States v. Garcia*, Cr. No. 16-333, 2020 WL 4018223, at *2 (D. Minn. July 16, 2020) (declining to grant compassionate release based on possibility of severe reinfection).

The Court also notes that there are a total of 5 active cases of COVID-19 among the inmates and staff at Pekin FCI. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited December 15, 2021). Further, the facility continues to employ measures to mitigate the spread of COVID-19.[9] Federal Bureau of Prisons, BOP COVID-19 Operational Levels,

---

[9] Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited December 15, 2021). At Pekin FCI, because it is a Level 3 institutional operational level, these measures include facial coverings for inmates and staff regardless of vaccination status, social distancing in all areas, and required health checks before entering the facility. Federal Bureau of Prisons, BOP COVID-19 Operational Levels, *https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp* (last visited December 15, 2021). Other mitigation steps include limiting visits and internal movement, increased hygiene measures, screening of both staff and inmates and virtual legal visits. *Id.*

The BOP is also exercising greater authority to designate inmates for home confinement. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited December 15, 2021). Since March 2020, the BOP has transferred nearly 35,637 inmates to home confinement. *Id.*

*https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp* (last visited December 15, 2021). It is also promising that the BOP has successfully administered nearly 270,000 doses of the COVID-19 vaccine to all staff and inmates who wish to receive it. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited December 15, 2021). Sadly, despite the vaccine rollout, some level of continued spread remains a possibility. In spite of the risk, the BOP must continue to carry out its charge to incarcerate sentenced criminals to protect the public and any release must be balanced against the danger it poses to society.

Here, the Court finds that even if Franik did present an extraordinary and compelling reason, release is not appropriate because the Court cannot conclude that he is not a danger to the safety of any other person or to the community and because the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against it. Specifically, the Court cannot overlook the seriousness of Franik's offense conduct, his criminal history, his refusal to participate in sex offender treatment, and multiple disciplinary actions while in prison to conclude that Franik no longer poses a risk to the safety of the community. (*See, e.g.,* Doc. No. 57.) For similar reasons, the Court also finds that the § 3553(a) factors strongly disfavor release; such a reduction would not reflect the seriousness of Franik's conviction, promote respect for the law, or provide a just punishment. *See* 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons set forth above, the Court finds that Franik fails to present an extraordinary and compelling reason to warrant compassionate release. The Court also

finds that release is not appropriate because it cannot conclude that he no longer poses a risk to the safety of the community and because the § 3553(a) factors weigh against it.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Todd Richard Franik's *pro se* Motion for Compassionate Release (Doc. Nos. [55]) is respectfully **DENIED**.

Date:  December 17, 2021            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge